Seth Ptasiewicz, Esq. (SP-8875)
**KROLL HEINEMAN CARTON, LLC**
Metro Corporate Campus I
99 Wood Avenue South, Suite 307
Iselin, New Jersey 08830
Tel: 732-491-2100
Fax: 732-491-2120
*Attorneys for Plaintiffs Local 734 Pension Fund and Trustees of the Local 734 Pension Fund*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOCAL 734 PENSION FUND and TRUSTEES OF THE LOCAL 734 PENSION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>LEON BICKOFF & CO., INC.,<br>Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiffs Local 734 Pension Fund and Trustees of the Local 734 Pension FundNew Jersey Building Laborers' Statewide Pension Fund and Trustees Thereof ("the Pension Fund"), being administered at 3218 Kennedy Boulevard, Jersey City, New Jersey 07306; by their undersigned attorneys, as and for their Complaint against Defendant Leon Bickoff & Co., Inc.("Bickoff" or "Defendant"), having a principal place of business at 190 Oraton Street, Newark, New Jersey 07104, allege and say as follows:

## NATURE OF THE CASE

1. Plaintiffs bring this action to recover withdrawal liability due to the Pension Fund from Defendant. This action is based on provisions of the Employee Retirement Income Security

Act of 1974 ("ERISA") as amended, 29 U.S.C. § 1001, *et seq.*, specifically, § 4201 of ERISA, 29 U.S.C. § 1381(a).

## PARTIES

2. At all times relevant, the Pension Fund was, and still is, a trust fund established and maintained pursuant to § 302(c)(5) of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 186(c)(5), an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1301(a)(3). The Fund qualifies to commence this action under §§ 502(d)(1) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(d)(1) and 1451(a)(1). The Fund is administered at, and maintains its office and principal place of business at 3218 Kennedy Boulevard, Jersey City, New Jersey 07306.

3. The Trustees of the Pension Fund are fiduciaries and as such are entitled to bring and maintain this action under § 4301(a)(1) of ERISA, 29 U.S.C. § 1451(a)(1). The Trustees bring this action on behalf of themselves, the Fund, and the Fund's participants and beneficiaries, pursuant to §§ 4301(a)(1) of ERISA, 29 U.S.A. § 1451(a)(1). The Trustees, in their capacity as Trustees, maintain their offices and principal place of business at 3218 Kennedy Boulevard, Jersey City, New Jersey 07306.

4. Upon information and belief, Bickoff is a New Jersey Corporation with its principal place of business at 199 Oraton Street, Newark, New Jersey 07104. Bickoff is an employer in an industry affecting commerce within the meaning of ERISA, including §§ 3(5), (11) and (12) of ERISA, 29 U.S.A. §§ 1002(5), (11), and (12).

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is based upon § 4301(a)(1), (b) and (c) of ERISA, 29 U.S.C. § 1451(a)(1), (b), and (c), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

6. Venue properly lies in this District under § 4301(d) of ERISA, 29 U.S.C. § 1451(d)

because the Pension Fund is administered in New Jersey and Bickoff does business in New Jersey.

## FACTS COMMON TO ALL COUNTS

7. At all times relevant to this action, Bickoff was subject to a Collective Bargaining Agreement ("CBA") with the Laborers Local Union No. 108 and/or its predecessors ("Union") for work performed within the jurisdiction of the Union.

8. Under the terms of the CBA, Bickoff was obligated to hire members of the Union to perform bargaining unit work covered by the CBA.

9. The CBA required Bickoff to pay the Union members the wage scale as set forth in the CBA. The CBA also required Bickoff to make fringe benefit contributions on behalf of the Union members at the rates set forth in the CBA. The fringe benefit contributions included contributions to the Pension Fund.

10. Consistent with the terms of the CBA, Bickoff remitted fringe benefit contributions to the Pension Fund uninterrupted on behalf of the Union members employed by Bickoff until April 2013.

11. Upon information and belief, on or about October 29, 2014, Bickoff was informed by the Union that it was disclaiming interest in representing its employees as its employees' bargaining representative. As such, effective on that date, Bickoff withdrew from the Pension Fund.

12. By virtue of the withdrawal of recognition of the Union by Bickoff, and continuation of it performing work covered by the CBA without contributing to the Pension Fund, Bickoff permanently affected a "complete withdrawal" from the Pension Fund within the meaning of § 4203 of ERISA, 29 U.S.C. § 1383.

13. The Pension Fund calculated Bickoff's withdrawal liability as $298,092.00.

14. On or about April 19, 2016, the Pension Fund, pursuant to § 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1), prepared an amended payment schedule for the withdrawal liability and demand of payment in accordance with the payment schedule. That correspondence advised Bickoff that its first payment would be due on July 1, 2018.

15. Having not received the first quarterly installment and second quarterly payments, on or about October 16, 2018, the Pension Fund advised Bickoff of its failure to remit said quarterly installment and that failing to do so, Bickoff was in default of its obligation within the meaning of § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5). The Fund notified Bickoff on or about July 17, 2013, that if it did not cure the default within sixty (60) days after its receipt of the written notification, it would be in default and the Fund and its Board of Trustees would require the immediate payment of the outstanding liability from the due date of the first payment which was not timely made, as allowed by § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

16. Bickoff failed to cure the default thereby allowing the Pension Fund to accelerate payment of the withdrawal liability.

17. Bickoff failed to demand arbitration to challenge the withdrawal liability assessment within the time parameters set forth under ERISA thereby permitting the Pension Fund to immediately seek payment of the full amount of the withdrawal liability together with all other relief permitted under ERSIA.

18. Despite the clear, unequivocal obligations under ERISA, and in disregard of the demand for payment by the Pension Fund, Bickoff failed and refused, and continues to fail and refuse, to pay the withdrawal liability to the Pension Fund, pursuant to § 4201(a) of ERISA, 29 U.S.C. § 1381(a) and is in default.

## CAUSES OF ACTION

## COUNT I

### (Unpaid withdrawal liability – ERISA § 4201(a), 29 U.S.C. § 1381(a))

19. Plaintiffs hereby repeat each and every allegation previously set forth in the Complaint and incorporate same as though more fully set forth at length herein.

20. Prior to October 29, 2014, Bickoff was obligated to, and did, remit contributions to the Pension Fund to finance benefits provided by Plaintiffs to the Pension Fund's participants and beneficiaries.

21. Bickoff ceased to have an obligation to contribute under the Pension Fund's plan and permanently affected a "complete withdrawal" from the Pension Fund within the meaning of § 4203 of ERISA, 29 U.S.C. § 1383.

22. As a result of the complete withdrawal from the Pension Fund, Bickoff is obligated to pay withdrawal liability to the Pension Fund, pursuant to § 4201(a) of ERISA, 29 U.S.C. § 1381(a).

23. Plaintiffs have demanded that Bickoff pay the withdrawal liability, which is due and owing.

24. Bickoff failed to make installment payments when due under the payment schedule for the withdrawal liability and, after having been notified of this and failing to cure, is in default within the meaning of § 4291(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5). Nor has Bickoff commenced an arbitration to challenge the withdrawal liability assessment.

25. As a result of the failure and refusal of Bickoff to pay the withdrawal liability, Plaintiffs have been damaged in the amount of the withdrawal liability assessed by Plaintiff against Bickoff, $298,092.00.

26. In accordance with §§ 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), Bickoff is obligated to pay the outstanding amount of the withdrawal liability, liquidated damages, interest, and attorneys' fees and costs of this action.

**WHEREFORE**, the Pension Fund and its Trustees respectfully request judgment against Bickoff as follows:

(a) For withdrawal liability;

(b) For interest;

(c) For liquidated damages computed at the rate of twenty percent (20%) of the withdrawal liability;

(d) For attorneys' fees and costs; and

(e) For such other legal or equitable relief as the Court deems appropriate.

**KROLL HEINEMAN CARTON, LLC**
*Attorneys for Plaintiffs*

S/ Seth Ptasiewicz
SETH PTASIEWICZ

DATED: December 20, 2018


### CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Plaintiffs hereby certify that this matter in controversy is not the subject of other actions or arbitrations.

**KROLL HEINEMAN CARTON, LLC**
*Attorneys for Plaintiffs*

S/ Seth Ptasiewicz
SETH PTASIEWICZ

DATED: December 20, 2018

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1(d)

Plaintiffs hereby certify that the amount in controversy exceeds the sum of $150,000.00, exclusive of interest, costs and claims for punitive damages.

**KROLL HEINEMAN CARTON, LLC**
*Attorneys for Plaintiffs*

*S/ Seth Ptasiewicz*
SETH PTASIEWICZ

DATED: December 20, 2018